

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-93,970-01

**EX PARTE MARCO ANTONIO LOZANO, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. DC78-CR2019-0167*1 IN THE 78TH DISTRICT COURT
WICHITA COUNTY**

**SLAUGHTER, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

While I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time appeal, I feel compelled to write separately to yet again emphasize the fact that *trial* counsel (or in this case adjudication counsel), not just appellate counsel, has an obligation to file a notice of appeal when his client expresses a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us.

On November 15, 2019, Applicant pleaded guilty to the offense of possession of a controlled substance under one gram[1] and was placed on deferred adjudication for three years. On June 11, 2021, the State filed a motion to adjudicate guilt, alleging that Applicant had violated several of the terms of his community supervision. Applicant pleaded "not true" to the alleged violations and proceeded to a hearing before the trial court. On March 15, 2022, the trial court adjudicated Applicant guilty and sentenced him to eighteen months' confinement in the state jail. The trial court certified Applicant's right to appeal the adjudication of guilt. Applicant alleges that he informed his counsel of his intent to file a direct appeal. But counsel did not file such notice. As a result, Applicant filed the present application alleging ineffective assistance of counsel and requests relief in the form of an out-of-time appeal.

In response to the allegations, adjudication counsel filed an affidavit. He asserts that he "was not ineffective for failing to file a notice of appeal even though [Applicant] desired to appeal" because "it did not prejudice [Applicant]." Counsel continues, asserting that "[i]n his original plea of guilty, [Applicant] signed a waiver of his constitutional right to appeal and or request a new trial." Counsel states that he is "not on the appointment list for criminal appeals" and that he informed Applicant that he would have to apply for an appointed appellate attorney. Finally, counsel argues that the only basis for an appeal would be Applicant's competency to stand trial, but he also argues against this issue having any merit.

---

[1] TEX. HEALTH & SAFETY CODE § 481.115(b).

Counsel's arguments are unavailing. First, it matters not that Applicant initially waived his right to appeal through his plea bargain for deferred adjudication, because he did not waive that right to appeal the results of his adjudication hearing. Therefore, Applicant had the right to appeal his adjudication and sentence. *See Ex parte Delaney*, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006) (recognizing that a pretrial or presentence waiver of appeal does not preclude a defendant from appealing his subsequent adjudication of guilt and sentence). Second, counsel's argument that Applicant was not prejudiced because he was unlikely to succeed on appeal is wholly unmeritorious. It is well established that if counsel's errors caused the forfeiture of an entire judicial proceeding that alone is sufficient to demonstrate *Strickland* prejudice. *Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005). This is true even if counsel believes his client has no meritorious arguments; and the applicant need not show that the outcome of the proceeding would be favorable to him. *Id.*

The circumstances presented here highlight an unfortunate recurring theme in our postconviction habeas review. Too frequently, attorneys are failing to fulfill their obligations at the conclusion of their representation, resulting in harm to their clients who are then prevented from pursuing appellate review of their convictions. Here, adjudication counsel believed that it was not his duty to file a notice of appeal on Applicant's behalf following his adjudication hearing, arguing instead that Applicant should have sought out appellate counsel. However, we have repeatedly explained that filing the notice of appeal is one of several duties that trial counsel must fulfill at the conclusion of his representation. *See, i.e.*, *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel,

retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal."); *see also Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is filed with the trial court").

In addition to depriving Applicant of his right to pursue a direct appeal, counsel's error has also now resulted in the habeas court and this Court having to expend resources to undo the effects of counsel's mistake. Thus, this case serves as a reminder that trial counsel's role at the conclusion of the proceedings—including filing a motion for new trial, if any; filing a timely notice of appeal; filing a motion to withdraw if counsel will not be completing the appeal; and advising the client on the next steps to pursue an appeal if desired—is critical for ensuring that a defendant's right to appeal is properly preserved.[2] Failure to fulfill these obligations is not only unprofessional and unfair to clients, but it

---

[2] *See* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

also wastes judicial resources by spawning the type of corrective postconviction litigation before us here. Though I recognize that we are all human beings who make mistakes, "mistakes" like this one have become inexcusable given the number of times this Court has addressed this issue. Based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to again bring attention to this issue so that attorneys may be reminded of the effect of failing to stay on top of their responsibilities and take steps to prevent such problems from arising in the future.[3]

      With these comments, I join the Court's opinion granting Applicant relief.

Filed: February 22, 2023

Publish

---

[3] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases so that they may fulfill their duty to meet important filing deadlines for their clients.